

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

June 15, 2021

*Via ECF*
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Emily Gilbert v. Stony Brook University*, *et al*., 21-CV-2273 (EDNY)

Your Honor:

  This Office represents Defendants State University of New York[1] ("SUNY"), Robert Reeves, Carla Caglioti, and Maurice McInnis ("Individual Defendants") (collectively, "Defendants") in the above-referenced action. As required by Your Honor's Individual Practices, I write to request a pre-motion conference in regard to Defendants' anticipated motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

*Factual Background*

  Plaintiff was an SL2, Editorial Associate who worked on The Southampton Review ("TSR"), a literary journal published by the Stony Brook Southampton MFA Program in Creative Writing and Literature. On June 26, 2020, Plaintiff unilaterally decided to remove a poem from TSR's digital archive based on allegations on Twitter about its author. Compl., ¶¶ 49, 53. Plaintiff posted on Twitter after removing the poem, writing that "as editor of the Southampton Review" she took "full responsibility for this decision." *Id.*, ¶ 53. Two days later, after the removal of the poem led to complaints by its author, TSR's Fiction Editor resigned due to the controversy. *Id.*, ¶ 55. Plaintiff eventually received a counseling memorandum due to the incident. *Id.* ¶¶ 63-4. Plaintiff alleges she was invited by Defendant Reeves to provide more information regarding her decision to remove the poem. *Id.*, ¶ 58. In response, Plaintiff drafted a 21-page Letter of Accountability, which "outlined her numerous complaints and recommendations for remedying the environment at Stony Brook." *Id.*, ¶ 59. Plaintiff alleges that after she submitted her Letter of Accountability she was "micromanage[d]" and that this oversight led to her constructive discharge. *Id.*, ¶ 82.

---

[1] Stony Brook University is not a legally cognizable entity separate and apart from SUNY and cannot be separately sued. *See* N.Y. Educ. Law §§ 351 and 352.

Hon. Brian M. Cogan
June 15, 2021
Page 2 of 4

    Plaintiff brings claims for gender discrimination and retaliation under Title VII and the State Human Rights Law ("SHRL") against all Defendants. Plaintiff also brings a First Amendment retaliation claim against the Individual Defendants. As set forth below, all of Plaintiff's claims are subject to dismissal.

*Plaintiff's SHRL Claims and Section 1983 Claims Are Barred By Sovereign Immunity*

    Plaintiff's SHRL claims against SUNY and the Individual Defendants in their official capacities and Plaintiff's Section 1983 claim against the Individual Defendants in their official capacities are barred by sovereign immunity.[2] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244-45 (E.D.N.Y. 2015).

*Individual May Not Be Sued Under Title VII*

    Similarly, Plaintiff's claims against the Individual Defendants under Title VII must be dismissed, as it is well-established that individuals may not be sued under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

*Plaintiff Fails to State a Claim for Discrimination Under Title VII or the SHRL*

    Plaintiff's allegation that she was discriminated against are entirely conclusory and cannot withstand a motion to dismiss. *Littlejohn v. City of New York*, 795 F. 3d 297, 311 (2d Cir. 2015) (holding that plaintiff must have "at least minimal support for the proposition that the employer was motivated by discriminatory intent"). There are no allegations of any discriminatory statements or conduct towards Plaintiff based on her gender by any of the Individual Defendants,[3] or anyone else at SUNY. Plaintiff also has not alleged an adverse employment action (Compl., ¶¶ 77-79), as the additional oversight was not a materially adverse change in working conditions that was "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Shultz v Congregation Shearith Israel of City of New York*, 867 F.3d 298, 304 (2d Cir. 2017) (internal quotes and citations omitted) Therefore, her discrimination claims fail.

*Plaintiff Fails to State a Claim for Retaliation Under Title VII or the SHRL*

    Plaintiff's retaliation claim should be dismissed because she does not allege an adverse employment action. She also fails to show any causal connection between her Letter of Accountability and any purported adverse action, much less but-for causation. *Univ. of Texas Southwestern Med. Ctr. v Nassar*, 570 US 338, 360 (2013). Instead, Plaintiff concedes that the revised policies and protocols that she alleges were retaliatory were contemplated before she engaged in any protected activity. *See* Compl., ¶ 57 (referencing a July 13 email from Reeves stating that he "would review TSR's policies and protocols" prior to Plaintiff's July 16 submission

---

[2] Plaintiff has not brought any claims against Maurie McInnis, the President of Stony Brook University, in her individual capacity, and there are no allegations in the complaint that would support such a claim.

[3] Further, one of the Individual Defendants, Caglioti, is in the same protected class as Plaintiff, negating any purported inference of discrimination. *See Milord Francois v. N.Y. State Off. of Medicaid Inspector Gen.*, 2020 WL 5659438, at *11 (S.D.N.Y. Sept. 23, 2020) (finding inference against discrimination).

of the letter); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (reasoning that "proceeding along lines previously contemplated ... is no evidence whatever of causality").

Plaintiff has also not alleged that she engaged in protected activity. A complaint is only "protected activity" when it protests an unlawful employment practice. *Kelly v Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). Plaintiff's Letter of Accountability was a justification for her removal of a poem and "suggestions on how to proceed" when similar situations present themselves in the future. Compl., ¶ 59. Plaintiff makes the conclusory assertion that her Letter of Accountability detailed "the discriminatory and harassing work environment," but provides no factual allegations that the letter was directed at conduct prohibited by Title VII or the SHRL. Therefore, she fails to allege that she possessed a "good faith, reasonable belief" that her complaint was pursuant to those statutes, and her retaliation claim fails. *Kelly*, 716 F.3d at 14; *see also* Compl. ¶¶ 41-47 (conceding that Plaintiff's concerns about the purported discrimination and "abuses of power" are not actionable or protected).

*Plaintiff Fails to State a Claim for Retaliation Under the First Amendment*

"A claim by a government employee for retaliation under the First Amendment requires at least that the plaintiff (1) spoke as a citizen (2) about matters of public concern." *Bhattacharya v. SUNY Rockland Community College*, 719 F. App'x 26, 27 (2d Cir. 2017) (internal quotes and citations omitted). Plaintiff fails to allege that she spoke as a citizen, since she stated in her tweet that she removed the poem "as editor of the Southampton Review." Compl., ¶ 53.

Further, Plaintiff has not alleged a causal connection between her tweets and any adverse action. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (requiring but-for causation, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."). Plaintiff's allegations show that her tweets did not cause any of the challenged conduct; rather, it was her removal of the poem that led to additional oversight. Compl., ¶ 57.

*Plaintiff Fails to Allege She was Constructively Discharged*

Finally, to establish a claim of constructive discharge, Plaintiff must allege "actions taken by the employer sufficient to cause a reasonable person to feel compelled to resign." *Tulino v City of New York*, 813 F. App'x 725, 728 (2d Cir. 2020); *Petrosino v. Bell Atl.*, 385 F.3d 210, 231 (2d Cir. 2004) (noting that "the law is clear that a constructive discharge claim cannot be proved by demonstrating that an employee is dissatisfied with the work assignments she receives within her job title" and that a reduction in responsibilities would not "support [an employee's] constructive discharge claim"). Plaintiff does not allege that there was a reduction in her pay, change in her title, or that she was prevented from performing work within her job title. The alleged changes, such as reviewing emails to authors (Compl., ¶ 77), oversight of her interactions with graduate students (¶ 79), additional meetings about TSR (*id.*), and faculty guidance administering a practicum in publishing and editing (*id.*), fall short of the standard for compelling a reasonable person to resign.[4] Therefore, Plaintiff fails to state a constructive discharge claim.

---

[4] Plaintiff also does not allege that any of the alleged changes were on account of her gender to the extent she

Hon. Brian M. Cogan
June 15, 2021
Page 4 of 4

                                                Respectfully submitted,

                                                */s/ Christopher V Coulston*
                                                Christopher V. Coulston
                                                Assistant Attorney General
                                                212-416-8556
                                                christopher.coulston@ag.ny.gov

cc:     All parties of record (*via* ECF)

---

attempts to base her constructive discharge claim on gender discrimination.