

Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.

*Via ECF*  June 24, 2021
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Emily Gilbert v. Stony Brook University, et al.,* **21-CV-2273** (**EDNY**)

Dear Honorable Judge Cogan:

This firm represents Plaintiff Emily Gilbert ("Plaintiff") in the above referenced action. Plaintiff writes this letter in opposition to Defendants' request for a pre-answer motion conference. Defendants' June 15, 2021 letter articulates alleged deficiencies in Plaintiffs' pleadings, seeking dismissal under F.R.C.P. 12(b)(6). Defendants allege that Plaintiff fails to state a claim against Defendants on the following grounds: (1) Plaintiff's claims are barred by Sovereign Immunity; (2) Plaintiff may not sue an individual under 42 U.S.C § 2000e et. Seq ("Title VII"); (3) Plaintiff fails to state a claim against Defendants under Title VII, New York State Human Rights Law ("NYSHR"), retaliation and under the First Amendment; and (4) Plaintiff fails to allege that she was constructively discharged.

*Standard of Review*

Fed. R. Civ. P. § 12(b)(6) dismissal is based upon a determination that the facts and legal basis alleged in the Complaint fail to make out a claim upon which relief may be granted. "To survive a motion to dismiss under Fed. R. Civ. P. § 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Therefore, the issue before the Court is not whether Plaintiffs will prevail but whether Plaintiffs is entitled to offer evidence to support their claims. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

Here, the four corners of the original and Amended Complaint clearly state a claim against Defendants for various violations of Title VII, New York State Human Rights Law, and 42 U.S.C. § 1983, *inter alia*. The Plaintiff makes specific and concise allegations about unlawful discrimination and retaliation based on sex. After Plaintiff engaged in protected activity, Defendants intentionally stripped her of her autonomy in her role as Editorial Associate and created a hostile work environment which led to her constructive discharge.

*Plaintiff's First Amended Complaint*

In Plaintiff's First Amended Complaint, Plaintiff removes the following claims: (1) Title VII against individuals in their official or individual capacity; (2) NYSHRL against Stony Brook University, and individual Defendants in their official capacities; (3) First Amendment claims against all Defendants.  Plaintiff maintains her claims for sex discrimination[1] and retaliation under Title VII against Stony Brook University, maintains claims of discrimination, retaliation, and hostile work environment against individual Defendants in their individual capacities under NYSHRL, adds 42 U.S.C. § 1983 claims against individual defendants in their individual capacities for violations of Plaintiff's First Amendment and Fourteenth Amendment rights, and adds a claim for constructive discharge in violation of Title VII against Stony Brook University.

*Plaintiff's Title VII Claims for Discrimination*

This Court has held that "absent an express waiver of sovereign immunity or a clear abrogation of that immunity by Congress, the Eleventh Amendment generally bars Plaintiff from suing New York State, the University, and state officials . . . when sued in their official capacities, in federal court for legal and equitable relief." *De Figueroa v. New York State*, 403 F. Supp. 3d 133. Plaintiff is able to bring Title VII claims given that the Title VII of the Civil Rights Acts has been held to be abrogated by Congress. *See Fitzpatrick v. Bitzer*, 427 U.S. 445. Therefore, Plaintiff is able to bring Title VII claims against Defendant Stony Brook.

Defendants inaccurately state that Plaintiff has only made conclusory allegations when in fact, Plaintiff has provided details of a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe and pervasive to alter conditions" of Plaintiff's employment. *See Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 102 (2d Cir. 2010).

The unwavering support of Flynn and republication of his poem *after* Plaintiff learned of his alleged history of wrongdoing, was objectively and subjectively offensive as Defendants, without question, supported a powerful male author who exhibited misogynistic, discriminatory, harassing behavior and used his power in the industry to derail the success of women and non-binary people in the literary world. Courts have held that even the mere presence of pornography in a workplace can alter the status of women therein and is relevant to assessing the objective hostility of the environment. *See Patane v. Clark,* 508 F.3d 106, 114 (2d Cir. 2007). Similarly, the disparate and unquestionable support of Flynn and the publication of his work coupled with the purposeful shaming of Plaintiff, created a hostile work environment, both objectively and subjectively.  Suddenly, when Plaintiff opposed the support of a literary male giant with an alleged history of oppression against women, she was ostracized for voicing her complaints of discrimination.  The mere support and republication of the poem was sex discrimination.

*Plaintiff States a Claim for Retaliation Under Title VII*

For a retaliation claim to survive a motion to dismiss, a plaintiff must plausibly allege (1) participation in a protected activity; (2) an employment action disadvantaging plaintiff; and (3) causal connection between the protective activity and adverse employment action. *See Tromblee v. New* York, 2021 U.S. Dist. LEXIS 48573., *30.  Plaintiff does indeed state a claim for

---

[1] Plaintiff revises her Title VII claims for sex discrimination under both hostile work environment and disparate treatment.

retaliation as: (1) she undoubtably engaged in protected activity; (2) the culminating adverse employment action *is* her constructive discharge which (3) occurred after she, with permission, made an editorial decision to remove an offensive publication and made other good faith complaints.  See,  *Green v. Town of E. Haven*, No. 18-0143, 2020 WL 1146687 (2d Cir. Mar. 10, 2020)(*holding that constructive discharge is an adverse employment action*). Further, the sharing of Plaintiff's Letter of Accountability ("LOA") was protected activity and was her good-faith complaint detailing Defendants' violations of the law. Plaintiff's LOA detailed the "systemic discrimination and abuses of power" that she witnessed. Compl., ¶ 59. The nexus between the submission of Plaintiff's LOA and the adverse employment action is abundantly clear considering Plaintiff's near immediate change in working conditions and stripping of job responsibilities. Compl., ¶ 73-74, 79. Similarly, she was scolded for submitting the LOA,  Robert Reeves ("Mr. Reeves") was displeased with her LOA and Plaintiff's claims were never investigated. The initial proposed statement on behalf of the Review, verbal conversations, the LOA, and subsequent meetings including with the Union, were complaints which resulted in the same outcome: sudden increased hostility towards her, significant diminishment of material work responsibilities, and creating an unbearable work environment. But for Plaintiff complaining of sex discrimination through the removal of the poem and in her subsequent complaints and LOA, she would not have been retaliated against.

***Individual Liability Under NYSHRL for Discrimination, Hostile Work Environment and Retaliation***

Contrary to Defendants' assertion, Maurie McInnis ("Ms. McInnis") Mr. Reeves and Carla Caglioti ("Ms. Caglioti") are liable in their individual capacity under NYHRL. While Stony Brook is immune from suit with respect to NYHRL claims, individual Defendants are not.  N.Y. Exec. Law § 296(6) extends liability to any individual who "actually participates in" an employer's unlawful conduct. *See Tromblee v. New* York, 2021 U.S. Dist. LEXIS 48573, *55. Ms. McInnis, Mr. Reeves and Ms. Caglioti participated in sex discrimination, hostile work environment and retaliation and are therefore subject to individual liability.

*Plaintiff Properly Alleges She was Constructively Discharged*

      To show constructive discharge, Plaintiff must prove Defendants "intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81at 89 (2d Cir. 1996). Plaintiff clearly had no other option but to quit as her job responsibilities were so curtailed after engaging in a protected activity, she could not feasibly do her job. As Editor, she was not permitted to accept work for the forthcoming journal issue – a basic function of her job.  Additionally, her communications were critiqued but when Plaintiff asked how to improve, Defendants could not articulate what she did wrong. Comp., ¶79.  Plaintiff was not simply "dissatisfied" with her work assignments; she could barely perform the basic functions of her job because she lacked any authority to complete the most basic of tasks.  Defendants created a hostile work environment where her limited authority was carefully monitored, leading  any reasonable person to feel compelled to resign.

                                                          Very Truly Yours,

                                                          <u>/s/ Aneeba Rehman</u>
                                                          Aneeba Rehman (AR-6404)
                                                          Nadia M. Pervez (NP5388)
                                                          Pervez & Rehman, P.C.
                                                          Attorneys for Plaintiffs
                                                          Pervez & Rehman, P.C.
                                                          68 South Service Rd., Suite 100
                                                          Melville, NY 11747
                                                          631-427-0700 – office
                                                          631-824-9020 - fax

cc: All counsel of record (*via* ECF)